872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert WILLIAMSON, Plaintiff-Appellant,
v.
Ralph EVITTS, Warden; Debra Moore, Nurse; Phillips,
Correctional Officer, Defendants-Appellees.
 No. 88-5926.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Williamson appeals the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff alleged that he was in line at "pill call" when the time for "pill call" expired and the defendant prison nurse refused to dispense the medication prescribed for his epilipsy. When plaintiff explained the situation to the defendant corrections officer, he was cited for a disciplinary violation.
 
 
 3
 The magistrate recommended that the complaint be dismissed and plaintiff filed objections in which he alleged that he was transferred in retaliation for filing the instant lawsuit. The district court adopted the magistrate's recommendation and dismissed the complaint. Upon consideration, we conclude that the plaintiff's complaint was improperly dismissed.
 
 
 4
 Plaintiff arguably has alleged "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff is proceeding pro se and we are not satisfied that his allegation regarding issuance of a disciplinary charge is necessarily deficient and meritless. Finally, plaintiff's allegation that he was transferred in retaliation for filing this lawsuit is a mere conclusion and fails to state a claim. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 5
 Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings in accordance with Rule 9(b)(6), Rules of the Sixth Circuit.